IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**BRIAN BOWMAN,**

    **Plaintiff,**

**v.**                                                                                       **Case 2:15-mc-00024-STA-cgc**

**INTERSTATE REALTY CORPORATION,**

    **Defendant.**

**ORDER DENYING DEFENDANT INTERSTATE REALTY CORPORATION'S URGENT MOTION TO QUASH SUBPOENA ON CBIZ ACCOUNTING, TAX & ADVISORY OF MEMPHIS, LLC, OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER**

Before the Court is Defendant Interstate Realty Corporation's ("IRC") Urgent Motion to Quash Subpoena on CBIZ Accounting, Tax & Advisory of Memphis, LLC ("CBIZ") or, in the alternative, Motion for Protective Order ("Motion to Quash") (Docket Entry "D.E." #1). The instant motion was referred to United States Magistrate Judge Charmiane G. Claxton for determination. (D.E. #4).

**I. Introduction**

The underlying case is a diversity action in the United States District Court for the Central District of California, Case Number CV14-00741-DDP(VBK), alleging claims of intentional and negligent misrepresentation against IRC. On July 14, 2015, CBIZ, IRC's accounting firm, was served with a subpoena ("Subpoena") directing one or more officers, directors, or managing agents or another designated person to testify at a deposition in Memphis, Tennessee on seven listed topics

1

and to provide responsive documents to eleven listed categories. (D.E. #1-1). Four of the seven topics for the deposition and nine of the eleven categories for the requests for production relate to CBIZ's professional dealings with three non-party entities—Green Ballast, LLC, Green Ballast Inc., and DHAB, LLC. (D.E. #1-1, Exhs. A & B). The remaining three deposition topics and two categories of requests for production relate to CBIZ's professional dealings with IRC. (*Id.*)

On July 29, 2015, IRC filed the instant Motion to Quash the Subpoena to non-party CBIZ pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure and the Tennessee accountant-client privilege codified at Tennessee Code Annotated § 62-1-116. IRC asserts that the requests for testimony and document production are privileged under Tennessee law and are "wholly unrelated and irrelevant to the instant litigation." (Mot. to Quash ¶ 13). IRC argues that, pursuant to Rule 45(d)(3), the Subpoena requires compliance in the Western District of Tennessee; however, IRC advised that it filed the motion in both the United States District Court for the Central District of California and the United States District Court for the Western District of Tennessee and "seeks the Court's guidance as to which forum should resolve this matter." (*Id.* ¶ 14). Additionally, IRC requests, in the alternative to quashing the Subpoena, that the Court enter a protective order concerning the requested documents. (*Id.* ¶ 15.B).

On August 21, 2015, Plaintiff responded that federal common law of privilege should apply and that no federal accountant-client privilege exists and no state-created accountant-client privilege has been recognized by federal courts. (Resp. at 1). Additionally, Plaintiff argues that lack of relevance is not one of the grounds to quash a subpoena pursuant to Rule 45(d)(3) and, to dispel any concern, sets forth what relevance he contends the requests have to his claims. (Resp. at 1-2). Specifically, Plaintiff asserts that he does not seek discovery "about a non-party's relationship with

2

a non-party" but "information provided by IRC to CBIZ regarding IRC's valuation that IRC has put at issue in the California action." (*Id*. at 6).

## II. Analysis

The first question presented is whether the instant motion should be resolved by this Court or by the district in which the underlying action is pending. Rule 45(d)(3)(A) of the Federal Rules of Civil Procedure provides that requests to quash or modify a subpoena should be raised in "the court for the district where compliance is required." The Subpoena in the instant case requires compliance in the Western District of Tennessee, as it lists the location of the deposition and production of documents in Memphis, Tennessee. Accordingly, the motion is properly before this Court.

The second question presented is whether federal or state law of privilege applies in this diversity action. Rule 501 of the Federal Rules of Evidence provides that, "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501; *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th Cir. 2006) (applying state law in a diversity action to resolve claims of attorney-client privilege); *Jewell v. Holzer Hosp. Foundation, Inc.*, 899 F.2d 1507, 1513 (6th Cir. 1990) ("In a civil case involving claims based on state law, the existence of a privilege is to be determined in accordance with state, not federal, law."). Accordingly, in the instant diversity case, state law of privilege applies.

The next question is which state's law of privilege—California or Tennessee—applies. While the forum state of the underlying action is California, the location of the proposed deposition and accompanying requests for production is Tennessee. Although it has been argued in prior cases that the deposition state should not apply its own privilege, the courts that have considered this

question have rejected this position and have uniformly held "that a court is bound by its own state's privilege law even when compelling testimony for use in another forum." 23 Federal Practice & Procedure, Evidence § 5435 (1st ed.) (citing A.L.I., Restatement, Second, of Conflict of Laws § 1971) (collecting cases); *Hosey v. The Presbyterian Church (U.S.A.)*, 160 F.R.D. 161, 163 (D. Kansas 1995); *Connolly Data Sys., Inc. v. Victor Technologies, Inc.*, 114 F.R.D. 89, 92 (S.D. Cal. 1987);*Matter of Photo Marketing Ass'n Intern.*, 327 N.W.2d 515, 516-18 (Ct. App. Mich. 1982); *In re Westinghouse Elec. Corp. Uranium Contracts Litigation*, 76 F.R.D. 47, 52 (W.D.Penn. 1977); *Palmer v. Fisher*, 228 F.2d 603 (7th Cir. 1955), abrogated on other grounds by *Carter Products, Inc. v. Eversharp, Inc.*, 360 F.2d 868, 870-871 (7th Cir. 1966); *Ex Parte Sparrow*, 14 F.R.D. 351, 353 (N.D.Ala. 1953). While there is no clear guidance from the United States Supreme Court or the United States Court of Appeals for the Sixth Circuit, this Court finds these decisions and the uniformity thereof to be persuasive and concludes that Tennessee law of privilege should apply in the instant case.

> Under Tennessee law, the accountant-client privilege states, in pertinent part, as follows:
>
> Licensees shall not divulge, nor shall they in any manner be required to divulge, any information that is communicated to them or obtained by them by the reason of the confidential nature of their employment. The information shall be deemed confidential[.]

Tenn. Code Ann. § 62-1-116(a). Thus, the final question is whether the Tennessee accountant-client privilege covers the deposition and document requests. Upon review, the first two topics of Plaintiff's deposition requests clearly seek "[i]nformation provided by IRC" and "information regarding the valuations IRC placed on its investment(s)." These two requests fall clearly within Section 62-1-116(a)'s provision of "information that is communicated to [CBIZ] or obtained by them by the reason of the confidential nature of their employment." However, it is not clear to the

4

Court if the remaining requests for testimony, in whole or in part, seek "information that is communicated to them or obtained by them by the reason of the confidential nature of their employment." Without this information, the Court cannot determine if the accountant-client privilege applies to each deposition topic and request for production. Accordingly, it is ordered that IRC's Motion to Quash is DENIED but that CBIZ only be required to respond to the Subpoena to the extent that any of the requests for testimony or documents seek, in whole or in part, information not protected by the accountant-client privilege.

**IT IS SO ORDERED** this 1st day of October, 2015.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE